UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| M & L FOODS, INC., <br> *a Missouri Corporation*, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Case No. 11-cv-537-JPG-SCW |
| VCG HOLDING CORP., <br> *a Colorado corporation*, and <br> RICHARD SAGGIO, INC., <br> *an Illinois Corporation*, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative for purposes of case management. Specifically, the Court questions whether it has jurisdiction over this matter.

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

In its Complaint (Doc. 2), Plaintiff has invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Federal courts have jurisdiction over a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1) (2006). "For the purposes of [§ 1332(c)] . . . , a corporation shall be deemed a citizen of any State by which it has been

incorporated *and* of the State where it has its principal place of business[.]" *Se. Guar. Trust Co., Ltd. v. Rodman & Renshaw, Inc.*, 358 F. Supp. 1001, 1005-1006 (N.D. Ill. 1973) (emphasis added). Here, Plaintiff has not alleged the principal place of business of Defendants.

Accordingly, the Court **ORDERS** Plaintiff to file an amended complaint correcting these and *any other* jurisdictional defects by **July 1, 2011.** *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme."). Should it fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: June 22, 2011**

                                                                       s/ J. Phil Gilbert
                                                                       **J. PHIL GILBERT**
                                                                       **DISTRICT JUDGE**